Date signed February 26, 2009



*James F. Schneider*

**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

IN T HE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| KEVIN HURST, and | * | Case No. 08-14174-JS |
| TRACY HURST, | | |
| Debtors | * | Chapter 7 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| LORI SIMPSON, Chapter 7 Trustee | * | |
| Plaintiff | * | |
| v. | * | Adv. Proc. No. 08-0769-JS |
| SUNTRUST MORTGAGE, INC. | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

***MEMORANDUM OPINION DENYING MOTION TO DISMISS COMPLAINT***
***FILED BY DEFENDANT SUNTRUST MORTGAGE, INC.***

The matter before the Court is the motion to dismiss complaint filed by the defendant SunTrust Mortgage Inc. ("SunTrust"). For the reasons set forth, the motion to dismiss will be denied.

## FINDINGS OF FACT

1.  On March 26, 2008, (the "petition date"), the debtors, Kevin and Tracy Hurst ("debtors"), filed the instant Chapter 7 bankruptcy case (Case No. 08-14174-JS). Lori S. Simpson, Esquire was appointed Chapter 7 trustee (the "Trustee").

2.  On September 9, 2008, SunTrust filed a motion for relief from the automatic stay [P. 60] as to the debtors' primary residence ("the Property"). However, the date SunTrust placed on the hearing notice was incorrect. The next day, September 10, 2008, SunTrust corrected the date when it filed an amended hearing notice [P. 61]. The Trustee filed an opposition [P. 66], the essence of which was that there was equity in the Property and that a sale would generate proceeds for the bankruptcy estate were she able to sell the Property instead of allowing it to go to sale at foreclosure.

3.  On October 10, 2008, this Court held a hearing on the motion. The Trustee did not attend, under the misapprehension that the hearing was to be held on the date stated in the original hearing notice. SunTrust called witnesses and introduced evidence in support of its motion and the Court granted the motion for relief from stay.

4.  On October 14, 2008, the Trustee filed a motion to strike the order granting relief from the stay [P. 68], in which she explained her absence at the October 10 hearing and asserted the possibility that the lien of SunTrust on the Property was an avoidable preference.  On October 16, 2008, SunTrust filed an opposition [P. 71] to the Trustee's motion to strike.

5.  On October 22, 2008, the Trustee filed the instant complaint against SunTrust to avoid preferential transfers ("the complaint"), in which she alleged that SunTrust had entered into a loan with the debtors on July 12, 2006, pursuant to which the debtors granted SunTrust an indemnity deed of trust ("the IDOT") on the Property. The complaint further alleged that SunTrust did not record its IDOT until February 6, 2008, within 90 days of the petition date, and  that the recordation of the IDOT gave rise to a voidable preferential transfer pursuant to 11 U.S.C. §§ 547 and 550.

6.  On November 6, 2008, the Trustee withdrew her motion to strike the order granting relief from stay [P. 77].

7.  On November 24, 2008, SunTrust filed the instant motion to dismiss [P. 4] the complaint, in which it asserted that in light of the order granting relief from the automatic stay, coupled with the Trustee's motion to vacate the order and the Trustee's subsequent withdrawal of the motion, she is now precluded by the doctrine of collateral estoppel from pursuing the complaint to avoid the IDOT as a preferential

transfer.  On December 15, 2008, the Trustee filed a timely opposition [P. 11] to the motion to dismiss.

## CONCLUSIONS OF LAW

1. This Court has subject matter jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(F). Venue is appropriate pursuant to 28 U.S.C § 1409.

2.  When ruling on a Rule 12(b)(6) motion, "the Court must accept as true all well-pleaded allegations in the complaint, including all reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff." *Hemelt v. Pontier (In re Pontier)*, 165 B.R. 797, 798 (Bankr. D. Md. 1994). "[A] complaint should not be dismissed 'merely because the court doubts that the plaintiff will ultimately prevail; so long as a plaintiff colorably states facts which, if proven, would entitle him to relief, the motion to dismiss should not be granted'." *Advanced Health-Care Services, Inc. v. Radford Community Hospital*, 910 F.2d 139, 145 n. 8 (4th Cir.1990), quoting *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir.1982). However, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of [its] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127

4

S. Ct. 1955, 1964-65, 167 L. Ed.2d 929 (May 21, 2007).  The pleadings must plausibly suggest that the plaintiff is entitled to relief.  *Id.* at 1966.  Affirmative defenses may be considered if they clearly appear on the face of the complaint.  *See Richmond, Fredericksburg & Potomac R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993).  Accordingly, the Court may consider a collateral estoppel defense as part of a motion to dismiss if the defense is apparent from the pleadings in the case.  *See Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994).

   3.  Upon the filing of a bankruptcy petition, an automatic stay is imposed upon almost all collection efforts against the debtor.  11 U.S.C. § 362(a).  Secured creditors may seek relief from the automatic stay in the bankruptcy court pursuant to Section 362(d)(1) if the creditor lacks adequate protection of its collateral, or pursuant to Section 362(d)(2) if the debtor lacks equity in the collateral and the collateral is not necessary for an effective reorganization.  In a Chapter 7 liquidation case, a secured creditor need only prove that the debtor lacks equity in the property in order to obtain relief from the stay.   Section 362(e) imposes upon the bankruptcy court the requirement that it conduct a preliminary hearing on a motion for relief from stay within 30 days of its filing, after which a final hearing must be held within 30 days.

   4.  Disputes litigated in the bankruptcy court are classified as either "contested matters" or "adversary proceedings."  *See Nantucket Invs. II v. Calif. Fed. Bank (In*

*re Indian Palms Assocs., Ltd.)*, 61 F.3d 197, 204 n. 11.  Bankruptcy Rule 7001 classifies ten types of disputes as adversary proceedings, including the instant dispute before the Court  over the avoidance of preferential transfers.  Fed. R. Bankr. Proc. 7001.  These disputes are governed by Chapter VII of the Bankruptcy Rules, which incorporate many of the Federal Rules of Civil Procedure.  *Id.*  Those disputes not covered by Bankruptcy Rule 7001, including motions for relief from the automatic stay, are known as "contested matters."  *Id., see also* Fed. R. Bankr. Proc. 9014.

5.  Collateral estoppel is a doctrine of preclusion created to "foreclose[] the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate."  *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (internal quotation marks and citation omitted).  In order for collateral estoppel to apply, the "proponent must demonstrate that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding."  *In re Microsoft Corp. Antitrust Litigation*, 355 F.3d

322, 326 (4th Cir. 2004); *see also Baron Financial Corp v. Natanzon*, 509 F. Supp. 2d 501, 524 n.39 (D. Md. 2007).

6.   Courts are in general agreement that it is inappropriate to make final decisions concerning affirmative defenses and counterclaims on a motion for relief from the automatic stay.  *See, e.g., Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 219 (4th Cir. 1994) ("Hearings to determine whether the stay should be lifted are summary in character... counterclaims such as fraud are not precluded later if not raised at this stage.") (citing *Matter of Vitreous Steel Prods.*, 911 F.2d 1223, 1232 (7th Cir. 1990)); *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 31 (1st Cir. 1994) (same); *In re Midway Airlines, Inc.*, 167 B.R. 880, 883-84 (Bankr. N.D. Ill. 1994); *In re Vigil*, 250 B.R. 394, 396 (Bankr. D. N.M. 2000); *In re Torco Equip. Co.*, 65 B.R. 353, 355 (W.D. Ky. 1986).  In light of the time limitation imposed by Section 362(e), any decision rendered by the bankruptcy court on a motion for relief from stay is required to be expeditious.  *Grella*, at 31.  While a court may consider counterclaims that strike at the core of a movant's secured interest, any such decision should only be preliminary, pending an adversary proceeding.  *See, e.g., Oneida Motor Freight, Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.)*, 848 F.2d 414, 418-19 (3d Cir. 1988); *Matter of Shehu*, 128 B.R. 26, 29 (Bankr. D. Conn. 1991); *In re Tally Well Serv., Inc.*, 45 B.R. 149, 151-52 (Bankr. E.D. Mich. 1984).  In

7

the case of secured creditors seeking to have the automatic stay modified in order to execute upon collateral, the only final decision should solely concern whether or not the movant is adequately protected, whether or not the debtor has any equity in the collateral and whether the collateral is necessary for an effective reorganization. *See, e.g., Estate Constr. Co.*, at 219; *Midway*, at 884.

7.    Accordingly, collateral estoppel does not preclude the filing and maintenance of adversary proceedings when affirmative defenses or counterclaims are not raised at a hearing on a motion for relief from stay.  This is because one of the essential elements of collateral estoppel is not present,  namely, that the matter has been "actually resolved" or "actually litigated."  The "actually litigated" requirement is met, "even if there is no adversarial hearing, when (1) a defendant files an answer to the complaint or otherwise appears in the action, (2) the issues are submitted to a jury or finder of fact, (3) the issues are determined after the party has notice and an opportunity to be heard, and (4) the defendant had proper incentive to litigate the matter in the prior hearing and could reasonably foresee litigation on the same issue." *Nestorio v. Assocs. Commercial Corp. (In re Nestorio)*, 250 B.R. 50, 56 (D. Md. 2000) (citing *Ramsey v. Bernstein (In re Bernstein)*, 197 B.R. 475, 480-82 (Bankr. D. Md. 1996)); *see also Guttman v. Assocs. Commercial Corp. (In re Furley's Transport, Inc.)*, 272 B.R. 161, 176 (Bankr. D. Md. 2001) (Derby, J.), *aff'd*, 306 B.R. 514 (D.

Md. 2002) (Legg, C.J.) ("[M]erely granting relief from the automatic stay does not grant new rights to a creditor, and it does not immunize a creditor's actions to improve its position at the expense of the bankruptcy estate from scrutiny by a trustee or from a trustee's exercise of his or her avoidance powers"). In the instant case, the second, third and fourth elements of the "actually litigated" requirements have not been met; the issue of preferential transfers has never been submitted to the finder of fact; the Court has made no decision relating to any alleged preferential transfer; and the Trustee had no incentive to litigate the transfer at the hearing on the motion for relief from stay because to do so would have been procedurally improper and would not have granted her the right to avoid the IDOT.

8.   Furthermore, the Trustee's motion to vacate the order that granted relief from the stay (which was withdrawn after this adversary proceeding was filed but before a hearing could be held), did not suffice to render the matter "actually litigated." As stated, the third and fourth elements of the "actually litigated" test have not been met.

9.   Finally, the Court finds inapposite the case of *Halverson v. Cameron (In re Mathiason)*, 16 F.3d 234 (8th Cir. 1994), cited by SunTrust. *Halverson* concerned married debtors who conveyed their joint interest in real property to family members prior to filing bankruptcy. *Id.* at 235. A creditor obtained a judgment lien against the

debtors six months later, and six months after that, the debtors filed their petition. *Id.* at 236. The trustee eventually recovered the property and sold it, using his power to avoid fraudulent conveyances. *Id.* The creditors filed a secured claim against the proceeds and the trustee objected, arguing that their security only extended to the land itself and not to the proceeds. *Id.* The court ruled in favor of the creditors. *Id.* Subsequently, the trustee filed an adversary proceeding to determine the extent of the creditors' secured claim, and argued that it did not extend to the debtor/wife's interest, against whom the creditors did not have a judgment lien. *Id.* The bankruptcy court ruled that the trustee had waived this argument and the District Court affirmed. *Id.* at 236-37. On appeal, the Eighth Circuit held that the failure to raise this issue during the original litigation resulted in its waiver. *Id.* at 237-38.

10. *Halverson* differs from the instant case in two ways. First, in *Halverson*, the original litigation consisted of an objection to claim, which the Eighth Circuit held was transformed into an adversary proceeding by the trustee's objection to the secured status of the claim. Thus, the original litigation was governed by more formal procedures. In the instant case, the original litigation was a motion for relief from the automatic stay, an expedited proceeding in which it is inappropriate to decide defenses and counterclaims that would otherwise be required to be brought by adversary proceeding. Second, in *Halverson,* the issue of the creditors' secured status had

10

already been litigated, and the subsequent adversary proceeding was simply a renewed objection to that secured status.  In the present case, the original litigation which this Court decided concerned only the debtors' equity in the Property and SunTrust's lack of adequate protection as grounds for granting relief from the stay.

WHEREFORE, the motion of SunTrust to dismiss the instant complaint will be DENIED.

*ORDER ACCORDINGLY.*

cc:    Mary Albrecht Jordan, Esquire
       Bishop, Daneman & Simpson, LLC
       2 N. Charles Street, Suite 500
       Baltimore Maryland  21201
       Counsel to the Plaintiff/Trustee

       Jason Hardman, Esquire
       Gebhardt & Smith LLP
       One South Street, Suite 2200
       Baltimore, Maryland  21202-3281
       Counsel to the Defendant

       Mr. Kevin Hurst
       301 N. Woodlawn Avenue
       Annapolis, Maryland    21401

       Ms. Tracey Hurst
       345 Dubois Road
       Annapolis, Maryland    21401

       Benjamin J. Beatty, Esquire
       Sirody, Freiman & Feldman, P.C.
       1777 Reisterstown Road, Suite 360
       Baltimore, Maryland    21208

       Office of the U.S. Trustee
       2625 U.S. Courthouse
       101 West Lombard Street
       Baltimore, Maryland   21201